IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MANUEL CHAIREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:03-CR-006-A |
| | § | (NO. 4:05-CV-253-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Manuel Chairez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court, having considered the motion, the record, including the record in No. 4:03-CR-006-A, and applicable authorities, finds that the motion should be summarily dismissed and that United States of America need not respond. See Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255.

I.

History

On January 15, 2003, petitioner was named in a three-count indictment. He was charged in Count One with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in Count Two with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2), and in Count Three with illegal reentry following deportation, in violation of 8 U.S.C.

§§ 1326(a) and (b)(2). On April 25, 2003, petitioner pleaded guilty to Count One of the indictment. On August 15, 2003, he was sentenced to a term of imprisonment of 120 months, to be followed by a three-year term of supervised release, and ordered to pay a $100.00 special assessment. Counts Two and Three of the indictment were dismissed on motion of the government. Petitioner appealed and the United States Court of Appeals for the Fifth Circuit affirmed the judgment. United States v. Chairez, No. 03-10879, slip op. (5th Cir. Apr. 28, 2004).

II.

Grounds of the Motion

Petitioner appears to be urging two grounds in support of his motion. First, he appears to be contesting the court's application of the sentencing guidelines. Second, he appears to contend that his sentence was imposed in violation of the law based on findings by the court after entry of his guilty plea.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on

collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); Sunal v. Large, 332 U.S. 174, 178 (1947). Here, petitioner has not made any showing of cause.

## IV.

### Petitioner's Grounds Are Barred

Petitioner's grounds should have been raised on direct appeal and cannot be pursued here. Davis, 417 U.S. at 345; In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (Booker is not retroactively applicable to cases on collateral review); United States v. Brown, 305 F.3d 304, 305 (5th Cir. 2002) (Apprendi does not apply retroactively on collateral review); United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) (technical application of the sentencing guidelines does not give rise to a constitutional issue cognizable under a motion pursuant to 28 U.S.C. § 2255).

Petitioner could not prevail in any event. He was well aware of the sentence he faced as a result of his conduct. He is

3

not entitled to any relief under Blakely v. Washington, 124 S. Ct. 2531 (2004), or United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Mares, 2005 WL 503715 (5th Cir. 2005).

V.

Order

For the reasons discussed herein,

The court ORDERS that petitioner's motion to vacate, set aside, or correct sentence be, and is hereby, summarily dismissed.

SIGNED April _____, 2005.

      /s/ John McBryde
    JOHN McBRYDE
    United States District Judge

4